JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-9489 PA (JCx) | Date | March 30, 2011 |
|---|---|---|---|
| Title | Joyce Ann Murrell v. Colleen Dennis, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **IN CHAMBERS** - COURT ORDER

   Before the Court is pro se plaintiff Joyce Ann Murrell's ("Plaintiff") First Amended Complaint ("FAC") and a "Clarification of Judicial Order on Show of Cause and Reconsideration of 42 U.S.C. §§ 1983, 1985, 1986." ("Clarification")  (Docket No. 12.)  The Court previously issued an order to show cause whether there is jurisdiction over this action, since the original complaint did not appear to state any viable federal claims.  Plaintiff responded by asserting that there is federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  However, for various reasons discussed in the Court's Minute Order dated February 28, 2011, the Court dismissed all of Plaintiff's federal causes of action, giving her leave to amend her claim under the Crime Victims' Rights Act, 18 U.S.C. § 3771.[1]  Plaintiffs' remaining federal causes of action were denied without leave to amend.

I.   Plaintiff's Motion for Reconsideration

   The Court construes the Clarification as a motion for reconsideration of the Court's Minute Order dated February 28, 2011, wherein the Court dismissed Plaintiff's claims under 42 U.S.C. §§ 1983, 1986, and 1986 without leave to amend.  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).  A "motion for reconsideration should

---

   [1] Plaintiff is appearing in forma pauperis.  28 U.S.C. § 1915, which governs procedures for cases filed in forma pauperis, commands a court to dismiss a case if the court finds that the action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").  This provision "allows a district court to dismiss, sua sponte and prior to service of process, a complaint that fails to state a claim."  Lopez, 203 F.3d at 1130.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9489 PA (JCx) | Date | March 30, 2011 |
|---|---|---|---|
| Title | Joyce Ann Murrell v. Colleen Dennis, et al. | | |

not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted); see also McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999).  A motion to reconsider "may not be used to raise arguments or present evidence for the first time when they reasonably could have been raised earlier in the litigation."  Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).  Under Local Rule 7-18 a motion to reconsider may only be brought if the moving party demonstrates:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

The Court dismissed Plaintiff's claims under 42 U.S.C. § 1983, 1985, and 1986 as to the Santa Barbara and Ventura County Superior Courts because of the doctrine of judicial immunity.  Plaintiff's claims against individual defendants Mary Lou Mankowski, Michael Mankowski, and James Nichols were dismissed because the statute of limitations had expired.  Plaintiff's Clarification mostly repeats facts and arguments previously raised in her response to the Court's Order to Show Cause.  As Local Rule 7-18 states that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion," such arguments do not justify reconsideration.

The only new arguments raised in the Clarification involve a Swiss police report which supposedly confirms that certain documents were fabricated or forged.[2]  Even assuming that these arguments could not have been raised earlier in the litigation, they fail to justify reconsideration.  Plaintiff first argues that there is original federal jurisdiction over her claims because these foreign documents will be introduced into evidence.  Plaintiff has not provided any authority for this position, and the Court knows of none.

Plaintiff next argues that the statute of limitations has not yet expired on her claims against the individual defendants.  Plaintiff's claim against the Mankowskis and Nichols was based on their successful application to have Plaintiff declared a vexatious litigant in 2004.  According to the Plaintiff, the Mankowskis and Nichols used forged and fabricated evidence to obtain the vexatious litigant order.  Plaintiff contends that she could not file her claim until she had obtained the Swiss police report, which she claims was not released until November 2009.  In this manner, it appears that Plaintiff is attempting

---

[2] The Swiss police report is attached to the Clarification, as well as Plaintiff's previously filed response to the Court's Order to Show Cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9489 PA (JCx) | Date | March 30, 2011 |
|---|---|---|---|
| Title | Joyce Ann Murrell v. Colleen Dennis, et al. | | |

to argue that the statute of limitations should be equitably tolled. "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000). A district court generally has discretion to determine whether equitable tolling should apply. Id. In this case the Court declines to allow equitable tolling because it appears that Plaintiff's representation about the date of release of the Swiss police report is false. Plaintiff has previously filed another action against the Mankowskis, Joyce Ann Murrell v. Walter Theiler, et al. CV 09-3056 VBF (AGRx) ("Theiler Action"). The complaint in the Theiler Action, filed on January 27, 2009, attaches a copy of the Swiss police report, meaning that Plaintiff had a copy of the report prior to November 2009. Moreover, the complaint in the Theiler Action alleges that "[t]he report was released by prosecuting Swiss Distrct Attorney Dr. Phillip Hochli on June 23, 2008." (Theiler Action Compl. ¶ 5.) These discrepancies lead the Court to conclude that Plaintiff's claim that she could not bring this action until November 2009 is incorrect. Since equitable tolling does not apply and Plaintiff has not raised any other new arguments, Plaintiff's motion to reconsider is denied.

II.     Plaintiff Has Failed to Establish a Basis for This Court's Jurisdiction

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Plaintiff's FAC alleges federal claims under 28 U.S.C. §§ 1143 and 1343; 45 U.S.C. §§ 1624 and 1629; and 28 U.S.C. §§ 608, 609, 1001(3) 1108, 1109, 1740, 1741, and 1746. As the Court mentioned in its Minute Order dated February 28, 2011, these statutes do not provide substantive claims for relief. Some of these statutes are irrelevant procedural or evidentiary provisions, and others simply do not exist. The FAC also alleges a claim under 18 U.S.C. § 1623, which the Court previously dismissed without leave to amend. These are the only federal claims alleged in the FAC. Although the Court gave Plaintiff leave to amend her claim under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, there is no such claim alleged in the FAC. As such, the FAC does not adequately allege any federal claims which would form a basis for this Court's original jurisdiction.

Nevertheless, Plaintiff's Clarification appears to be an attempt to address some of the deficiencies in her previously alleged CVRA claim. Assuming that Plaintiff's Clarification is incorporated into her FAC, the FAC still fails to adequately allege a claim under the CVRA. The CVRA provides that a crime victim has "[t]he right to full and timely restitution as provided in law." 18 U.S.C. § 3771(a)(6). Plaintiff's CVRA claim was based on actions by defendant Gretchen Lichtenberger, who is alleged to have impersonated Plaintiff in state court in order to institute a pro se action to collect on a default judgment obtained by Plaintiff. Plaintiff alleges that Lichtenberger should have held the collected funds in a trust for Plaintiff. Instead, Lichtenberger took the funds for herself and refused to turn them over to Plaintiff. Plaintiff alleges that she is a victim of Lichtenberger's theft of her trust funds, and that she is thus entitled to restitution. The Court previously dismissed Plaintiff's CVRA claim because she had not alleged that Lichtenberger had been convicted of any crime, or that there was any contemplated criminal prosecution. See Daugherty v. U.S., 212 F. Supp. 2d 1279, (N.D. Okla. 2002)(stating that a claim for restitution under the Victims' Rights and Restitution Act, 42 U.S.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9489 PA (JCx) | Date | March 30, 2011 |
|---|---|---|---|
| Title | Joyce Ann Murrell v. Colleen Dennis, et al. | | |

§ 10606, a predecessor to the Crime Victims' Rights Act, was "border[ing] on frivolous" when there was no allegation of ongoing or contemplated criminal prosecution).

The CVRA defines a "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e). Thus, in order to be considered a crime victim, not only must there be some federal crime involved, but the crime must also be the proximate cause of a plaintiff's harm. See, e.g., In re Rendon Galvis, 564 F.3d 170, 175 (2d Cir. 2009)("The requirement that the victim be 'directly and proximately harmed' encompasses the traditional 'but for' and proximate cause analyses."). Proximate cause requires "'some direct relation between the injury asserted and the injurious conduct alleged,' and excludes only those 'link[s] that are too remote, purely contingent, or indirect.'" Staub v. Proctor Hosp., __ U.S. __, 131 S. Ct. 1186, 1192 (2011)(quoting Hemi Group, LLC v. City of New York, 559 U.S. 1, __, 130 S. Ct. 983, 989, 175 L. Ed. 2d 943 (2010)).

In the Clarification Plaintiff points to several criminal convictions and investigations, none involving Lichtenberger. Plaintiff first points to the criminal conviction of Denise D'Sant Angelo, the individual against whom Plaintiff obtained a default judgment. D'Sant Angelo was convicted for "running a scam against nuns in Santa Barbara" and is now "also standing trial for an additional scam against a private couple as she did against Murrell." (Clarification ¶ 6A). However, the Clarification does not allege that D'Sant Angelo was convicted of any federal crime. Furthermore, there is no explanation, and the Court can conceive of none based on the alleged facts, of how D'Sant Angelo's scams caused Lichtenberger to deprive Plaintiff of her trust funds.[3]

Next, Plaintiff asserts that Nichols and the Mankowskis are currently under investigation by the Santa Barbara Police Department, the District Attorney, and the U.S. Attorneys' Office "[f]or the scams, malicious prosecution, forgery, conspiracy with asset managers and public officials to defraud Murrell." (Clarification ¶¶ 8, 11.) According to the FAC the Mankowskis employed an asset manager to embezzle Plaintiff's special needs trust.[4] The FAC alleges that the Mankowskis and Nichols framed Plaintiff for

---

[3] The "scam" against Plaintiff, as alleged in the FAC, is described as: "D'Sant Angelo had run a scam against Murrell taking money to file appeals in the unauthorized practice of law." (FAC ¶ 2.) Plaintiff's Clarification notes that she is a victim of D'Sant Angelo's scam, and that Lichtenberger has taken away her right to recover from D'Sant Angelo. In other words, Plaintiff acknowledges that the cause of her alleged harm is Lichtenberger, not D'Sant Angelo. Plaintiff has already received relief against D'Sant Angelo in the form of a default judgment, and the FAC alleges that D'Sant Angelo has been paying this default judgment into a trust fund, which was subsequently stolen by Lichtenberger.

[4] The special needs trust is alleged to have been in place prior to 2004 and is unrelated to the trust fund supposedly stolen by Lichtenberger, which was not established until December 2005. According to previous litigation between Plaintiff and the Mankowskis, the "special needs trust"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9489 PA (JCx) | Date | March 30, 2011 |
|---|---|---|---|
| Title | Joyce Ann Murrell v. Colleen Dennis, et al. | | |

this embezzlement by fabricating and forging certain documents. When Plaintiff attempted to protest her innocence in court by filing suit, the Mankowskis and Nichols presented this false evidence in order to have Plaintiff declared a vexatious litigant. Plaintiff argues that these actions caused her loss because Lichtenberger was able to use the vexatious litigant order as a "defense" when Plaintiff filed suit against Lichtenberger to recover the stolen trust funds. This connection between the Mankowskis and Nichols' alleged offense and Plaintiff's loss of trust funds is too attenuated to support proximate causation. The vexatious litigant order did not bar Plaintiff from bringing her claim against Lichtenberger, it only required that she obtain leave from the court prior to proceeding with any action. Plaintiff obtained leave from the state court to pursue her action against Lichtenberger upon posting a $20,000 bond. The FAC alleges that a state court judge later "revoked [Plaintiff's] right to file the bond," ultimately preventing her from filing her suit. (FAC ¶ 141.) As alleged, Plaintiff's inability to pursue her claim was not a direct result of the Mankowskis' and Nichols' actions; if anything, it seems to be the direct result of a ruling by the state court judge. Plaintiff has been given the opportunity to allege the existence of a conviction or contemplated prosecution which would allow her to bring a claim under the CVRA, but has been unable to do so. To the extent Plaintiff's FAC can be broadly construed to incorporate her Clarification and allege a claim under the CVRA, that claim is dismissed with prejudice.

III.     State Law Claims

The Court has supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Executive Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994). The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Here, the Court has dismissed all claims over which it might have had original jurisdiction. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. See 28 U.S.C. § 1367(c)(3). Plaintiff's remaining claims are dismissed without prejudice. Pursuant to 28 U.S.C. 1367(d), in the event Plaintiff elects to file her state law claims in state court, this Order acts to toll the state law statute of limitations for a period of thirty (30) days unless state law provides for a longer tolling period.

---

appears to be a trust established by Plaintiff's and Mary Lou Mankowski's father, and consists of several pieces of real property and a Swiss bank account. See Murrell v. Mankowski, No. B176434, 2006 WL 2337802 at *1 (Cal. Ct. App. Aug. 14, 2006).

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9489 PA (JCx) | Date | March 30, 2011 |
|---|---|---|---|
| Title | Joyce Ann Murrell v. Colleen Dennis, et al. | | |

Conclusion

     Plaintiff's Motion to Reconsider the Court's Minute Order dated February 28, 2011 is denied. Plaintiff's claim under the CVRA is dismissed with prejudice. Plaintiff's remaining state law claims are dismissed without prejudice. Since all claims in this action have now been dismissed, Plaintiff's Application for Order to Serve Summons by Federal Marshals (Docket No. 8) is denied as moot.